GRAHAM v. HILL.

5-920                                    289 S. W. 2d 186

Opinion delivered April 16, 1956.

*Lawrence Dawson* and *Coleman, Gantt & Ramsay,* for appellant.

*Brockman & Brockman,* for appellee.

PAUL WARD, Associate Justice. Virgil Finley Graham died in Pine Bluff, Arkansas, October 20, 1954, leaving a will by which his entire estate was left to certain friends and relatives. Appellants, Elnora Graham and Hazel Raffety Lemons, were named executrices. The deceased was thought to be unmarried and childless, and his will did not mention either a wife or a child.

When the will of Mr. Graham was offered for probate, appellees, Virgil Hill and Ada May Graham, intervened and claimed the estate as the adopted child and widow, respectively, of the deceased.

Testimony was introduced with respect to the above mentioned claims, and at the conclusion the Probate Judge found that appellees had sustained their claims, and accordingly entered a final order declaring Virgil

Hill [or Virgil F. Graham, Jr.,] to be the adopted son of the testator and entitled to inherit the entire estate, subject to the dower interest and statutory allowances of Ada May Graham who was found to be the widow of the testator.

From the above order appellants prosecute this appeal, seeking a reversal on three separate grounds which we discuss below.

1. The first ground relied on by appellants is stated in these words: ''Appellees did not discharge the burden of proof which rested on them to establish their respective claims.'' In our opinion the great weight of the testimony shows that the testator and Ada May Graham were married in Illinois in 1907 and lived together as husband and wife for several years, and that there is no evidence that they were ever divorced. It is also conclusively shown that Mr. and Mrs. Graham adopted appellee, Virgil Hill, on May 12, 1919. We do not believe appellants can seriously question the above statements. An Illinois marriage license was introduced showing it was issued November 25, 1907, and that the marriage of Virgil Finley Graham and Miss Rosa May Whitlock was solemnized on the same day. Appellee, Ada May Graham, testified that they were so married, and she and several witnesses living in Pine Bluff said they lived together in that City as husband and wife. The testimony shows that there was an order entered in the Probate Court of Jefferson County, dated May 12, 1919, showing the adoption of one Orbett Hale by V. F. Graham and Ada May Graham. Introduced also was a copy of the petition of adoption, signed by V. F. Graham and Ada May Graham, dated April 18, 1919, asking to adopt Orbett *Hale,* a male child, under the name of Virgil F. Graham, Jr. Numerous witnesses stated that they knew of the adoption and knew that the boy lived in the home of Mr. and Mrs. Graham. There is however some conflict in the testimony as to how long Virgil Hill lived in the home of Mr. and Mrs. Graham, but that feature will be discussed presently. We think the testimony sustains the trial court on this point.

2. Appellants next contend that "the jurisdictional defects in the order of adoption were not cured by Act 408 of 1947." The basis for this contention is as follows: It is conceded that the order of adoption fails to show Virgil Hill was a resident of Jefferson County or that the consent of his parents or parent was obtained; and it is further conceded that these defects would have rendered the order of adoption void [under numerous decisions of this court] prior to 1947. Section 3 of said Act 408 provides, generally, that a decree of adoption, theretofore or thereafter made, is not subject to attack "for irregularities or jurisdictional defects" after two years, provided the child has lived with the adoptive parents for that length of time.

Section 3 above mentioned was construed in *Dean* v. *Brown*, 216 Ark. 761, 227 S. W. 2d 623, and *Brunk* v. *Merchants National Bank, Executor*, 217 Ark. 499, 230 S. W. 2d 932, and held to be a valid statute of limitations. In the latter case we said: ". . . an attack on the original order of adoption is barred by limitations under the provisions of Section 3 of Act 408 of the Acts of 1947."

We cannot agree with appellants' contention that the greater weight of the testimony does not support the trial judge's finding that Virgil Hill lived with his adoptive parents for two years after the date of adoption. While the testimony is not entirely definite and harmonious regarding dates and periods of time, as might be expected after a lapse of nearly 30 years, yet we think it clearly supports the court's finding. One witness who lived across the street from the Grahams about 1919 says they had the child for as long as two years. Mrs. Graham said they kept the child about 4 years, that she took him with her to St. Louis in 1925, and then turned him back at the age of five and one-half years, and that she and Mr. Graham lived together until about 1924 or 1925. Mrs. Watts, who, with her husband, seemed to have had custody of the child before adoption, stated that Mr. and Mrs. Graham kept him until he was five and one-half years old, and for more than two years after the date of adoption. Mr. Watts said he could not re-

member dates very well but thought Mr. and Mrs. Graham kept the child more than a year. W. E. Bobo said Mr. and Mrs. Graham were living together in 1922 or 1923 and that they had the child with them at that time.

Mrs. Wooten, however, testified that the Grahams were married in 1918, and that Mrs. Graham left for St. Louis in 1920 when the child was turned back. Mrs. Cameron stated that she knew Mr. Graham in 1920, that he was not married, and that he had no child living with him. Mrs. Lemons thought, but couldn't swear, that Mr. Graham was not in Pine Bluff from 1920 to 1925.

In view of the discrepancies in the testimony we cannot say that the trial judge, who heard and observed the witnesses, was not justified in finding that the Grahams kept the child two years after the date of adoption.

3. We do not agree with appellants' contention that "the Probate Code has made a change in the law with regard to the pretermission of children," as applied to this case. As before noted, Virgil Finley Graham did not mention his [adopted] son in his will, and appellants take the position that this fact did not render him intestate as to this son, due to a change in the law made by the [new] Probate Code—Act 140 of 1949. Appellants concede the law was otherwise before the enactment of the Probate Code in 1949.

The statutes applicable to pretermitted children, before the enactment of the Code in 1949, were Ark. Stats. § 60-119 and § 60-120. The former applies where the will is made *before* a [pretermitted] child is born and the latter where the will is made *after* the child is born, as in the case under consideration. The above statutes were replaced in the 1949 Code by Ark. Stats. (Sup.) § 60-507(a) and § 60-507(b). Appellants' argument is grounded on the change of the wording in said section 60-507(a). A comparison of this section with its counter part, § 60-119, reveals that the former mentions an "adopted" child while the latter does not. It is reasoned therefore by appellants that, since no reference is made to an "adopted" child in Section 60-507(b) [the

section applicable here], the legislature meant to express a difference between a ''natural'' child and an ''adopted'' child, and so meant to exclude the latter.

We are not convinced by appellants' argument, for two reasons. First, we have many times held [as conceded by appellants] that the word ''child'' includes an ''adopted child'' in this kind of a situation. Second, there appears to be a good reason for the above mentioned change in wording. In Section 60-119 it is not literally correct to include an ''adopted'' child in the phraseology ''When a testator shall have a child *born* . . . '' Although an ''adopted'' child may occupy the same legal status as a ''natural'' child, yet it is not correct to say the ''adopted'' child is *born* to its adoptive father. We think, therefore, the only significance attached to the change made in Section 60-507(a) is the indication of an effort to use correct phraseology.

Affirmed.