BRYANT *v.* THROWER, EXECUTOR

5-3636                                    394 S. W. 2d 488

Opinion delivered October 11, 1965.

*Phillip H. Loh,* for appellant.

*Carroll W. Johnston,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a contest involving the will of A. R. Wilson. Appellee, Fred Thrower, claims as a sole beneficiary under the will; and appellant, Lois Wilson Bryant, claims as the pretermitted child of A. R. Wilson. The Probate Court found that Lois Wilson Bryant was not a child of A. R. Wilson; and the correctness of that finding is the sole issue on this appeal. It is conceded that Lois Wilson Bryant was not named or referred to in any way in the will of A. R. Wilson, so if she is in fact the legal child of A. R. Wilson, then she is entitled to the rights of a pretermitted child

under the statute.[1] But Appellee Thrower insisted below and insists here, that Lois Wilson Bryant is neither the legal nor the adopted child of A. R. Wilson.

It is conceded that A. R. Wilson and Eva (Evve) Helen Wilson were legally married; that Eva Helen Wilson died October 18, 1943; and that A. R. Wilson died February 18, 1964. Lois Wilson Bryant introduced a duly certified copy of her birth certificate, which shows that she was born on October 12, 1917, as the child of A. R. Wilson and Eva (Evve) Helen Johnson Wilson. This was a delayed birth certificate (Ark. Stat. Ann. § 82-506 [Repl. 1960]), signed by Eva Helen Wilson and filed June 8, 1942, almost 25 years after the date of the birth shown. Under our statute (Ark. Stat. Ann. § 82-505 [Repl. 1960]) this birth certificate was "prima facie evidence in all courts and places of the facts therein stated." So the birth certificate made a prima facie case that Lois Wilson Bryant was the child of A. R. Wilson. In addition to the birth certificate, Lois Wilson Bryant testified that she was the child of A. R. Wilson and Eva Helen Wilson; that she had always been their child; and that they and each of them had always held her out to the world as their child. Several neighbors corroborated such testimony.

However, for the appellee there were numerous witnesses who testified that Lois Wilson Bryant was neither the born child nor the adopted child of A. R. Wilson and Eva Helen Wilson. Joe Abrams testified that he was a cousin of A. R. Wilson; that A. R. Wilson and Eva Wilson never had any children; that Eva had a sister named Jessie who had two children by Harrison Robinson; that Lois Wilson Bryant was the youngest of these two children; that on the death of Jessie Robinson, A. R. Wilson and Eva Wilson took Lois when she was a "tiny baby" and raised her and treated her as their child.

---

[1] Ark. Stat. Ann. § 60-507 (1963 Cum. Pocket Supp.) is the 1949 restatement of Ark. Stat. Ann. § 60-120 (1947), so the cases involving § 60-120 are enlightening when we are considering, as here, § 60-507. See *Graham* v. *Hill*, 226 Ark. 258, 289 S. W. 2d 186; and see also *Jacobs* v. *Jacobs*, 146 Ark. 45, 225 S. W. 22; and *Culp* v. *Culp*, 206 Ark. 875, 178 S. W. 2d 52.

Isaac Johnson, the brother of Eva Helen Johnson Wilson and Jessie Johnson Robinson (and therefore a maternal uncle of Lois Wilson Bryant), testified: that Jessie Johnson married Harrison Robinson and had two children named Hazel and Lois; that Harrison Robinson was in the military service of the United States in the First World War when his wife Jessie died on December 9, 1918; that the witness arranged for her funeral; that Eva Helen Wilson and A. R. Wilson took the two little girls (Hazel and Lois) home from the funeral, and raised Lois from infancy; and that Hazel is living somewhere in Kansas City. Ten or more witnesses testified to the same effect as Abrams and Isaac Johnson: that A. R. Wilson and Eva Wilson took the infant Lois Wilson Bryant on the death of her mother and raised her as their child. The Chancellor found this to be true; and we cannot say that his finding is against the preponderance of the evidence.

There is no claim that A. R. Wilson ever adopted Lois as his child; and our statute on pretermitted children (Ark. Stat. Ann. § 60-507 [1947] is not broad enough to cover a child to whom the testator only stood in *loco parentis*, because birth or adoption, each, creates a permanent relationship; and the relationship in *loco parentis* is temporary. *Ford* v. *Donahue* (Colo.), 35 P. 2d 850; *Schneider* v. *Schneider* (N. J.), 52 A. 2d 564; and see also 67 C. J. S. 804.

Affirmed.