BERNIE PARKER *v.* RUBY BOWLAN, EXECUTRIX OF THE
ESTATE OF NELLIE JARVIS, DECEASED

5-4170                                    412 S. W. 2d 597

Opinion delivered March 20, 1967

*J. B. Reed* for appellant.

*Chas. A. Walls, Jr.* for appellee.

CARLETON HARRIS, Chief Justice. Mrs. Nellie Jarvis a widow, died on May 24, 1963, leaving surviving her six children, including one minor, Dwight Jarvis, who was living with her when she passed away. At the time of her demise, Mrs. Jarvis owned 80 acres of land, which is the subject of this litigation.[1] On October 4, 1963, Jeff Jarvis, Jr., one of the children, was appointed administrator of the estate. Nearly two years later, on September 2, 1965, Jeff Jarvis, Jr. (also known as Thomas J.

---

[1] One acre, upon which the house is located, is not involved in this litigation.

Jarvis), executed a deed in his individual capacity to Bernie Parker, appellant herein, purportedly conveying an undivided one-sixth interest in and to the real estate herein mentioned. Mona Jarvis, wife of Jeff, released her rights in the property. On Ocotber 2, a petition was filed, asking the court for an order directing the administrator to account for funds in the estate, and also requesting his removal as administrator, this petition being filed by Ruby Bowlan (a sister to the administrator and the minor), as guardian of Dwight Jarvis. Jeff Jarvis, Jr., had left the state soon after he executed the above mentioned deed to Parker. Thereafter, a writing purporting to be the last will of Nellie Jarvis was found; this was admitted to probate on October 7, 1965, and Ruby Bowlan was named executrix (actually administratrix with the will annexed). The instrument purports to leave the property to the minor, Dwight, and does not mention the names of any of the other children. Subsequently, appellant filed a petition entitled ''Petition for Contest of Will,'' alleging that he was ''an interested person'' in the estate of Nellie Jarvis, and that he had a vested interest in the real property being administered. Parker asserted that he, by virtue of the deed he had received from Jeff Jarvis, Jr., was the owner, along with the other five surviving children, of an undivided one-sixth interest in the lands. Further:

''The instrument filed herein on October 7, 1965, purporting to be the last will and testament of Nellie Jarvis is ineffectual as to the said son of the said decedent, the said Thomas J. Jarvis, also known as Jeff Jarvis, Jr., for the reasons that:

(a) Nellie Jarvis, in the instrument filed herein which purports to be her last will and testament, did not name her children separately, and,

(b) She did not provide for them as a class.''

Ruby Bowlan, as executrix, responded to Parker's petition, and asserted that appellant was an improper

party to maintain a petition for contest of the will. It was further alleged that any interest held by Jeff Jarvis, Jr., in the estate was subject to his actions as administrator, no inventory, or accounting having been filed. Mrs. Bowlan prayed that Parker's petition be dismissed. On trial, the court held that appellant was an improper party to contest the will, and thereupon dismissed the petition. From the order so entered, appellant brings this appeal.

We think the trial court reached an erroneous conclusion, and this was probably predicated on the fact that the petition filed was considered a will contest, and, of course, as previously set out, appellant's petition is entitled "Petition for Contest of Will." However, the mere fact that it is so titled is not controlling, and it is necessary to look to the allegations of the petition, particularly the prayer for relief, in order to make a determination. In the petition, appellant stated that he was the owner, by right of purchase, of an undivided one-sixth interest to the property here in question, and his prayer is as follows:

"WHEREFORE, the petitioner prays that the Court make a finding of heirship in this estate; that the instrument purporting to be the last will and testament of the decedent be declared ineffectual as to her son, Thomas J. Jarvis, also known as Jeff Jarvis Jr., and ineffectual as to the petitioner's interest in the lands acquired by the petitioner from the said Thomas J. Jarvis, also known as Jeff Jarvis, Jr.***"

It will be at once noted that there is no allegation that the will was not entitled to probate, either on the basis that it was not legally executed, or because of mental incompetency or undue influence. Generally speaking, a will contest is based on the allegations and contentions that *no will exists, i.e.,* statutory requirements for execution of the instrument were not complied with—or, because of mental infirmities, the party was not mentally capable of making a will—or, in case of

undue influence,[2] the purported instrument was not the testator's will but that of someone else. Appellant does not ask that the instrument be denied probate; he only asks that it be declared ineffectual as to Thomas J. Jarvis (Jeff Jarvis, Jr.), because Jarvis was not mentioned in his mother's will.

As far as this record is concerned, there is no doubt but that Parker legally acquired the interest of Jeff Jarvis, Jr., in the lands, there being no controversy but that Jarvis and wife conveyed their interest to Parker by deed. In *Dean v. Brown*, 216 Ark. 761, 227 S. W. 2d 623, this court said:

"Our statute provides that *immediately upon the intestate's death, the title to real estate descends to the heirs at law, subject to the widow's dower and the payment of debts.* See § 61-101 Ark. Stats. 1947. The two sections (§ 62-411 and § 62-911, Ark. Stats. 1947), concerning lands as assets in the hands of the administrator, have been uniformly construed to mean that the title to the lands passed direct to the heirs on the death of the intestate, subject to the rights of the administrator to have the Probate Court sell the lands if such be necessary to pay the debts of the deceased."

In *Calmese v. Weinstein, Administrator,* 234 Ark. 237, 351 S. W. 2d 437, this holding was reiterated, the court stating:

"Prior to Act 140 of 1949 (the Probate Code), § 66 of Pope's Digest was the governing Statute and said: 'Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts.' § 94 of the Probate Code (as now found in § 62-2401, Ark. Stats.) says: ' * * * real property shall be an asset in the hands of the personal representative when so

---

[2] There is an interesting annotation at 69 A.L.R. 1129, relative to attacks on particular portions of a will because of alleged undue influence.

directed by the will, or when and if necessary for the payment of debts, or expenses of administration.' The quoted language of the Probate Code was not designed to make the administrator automatically entitled to the real estate of a deceased intestate. The quoted language of the Probate Code continues the rationale of our cases decided under § 66 of Pope's Digest; and these cases hold that the legal title of an intestate's land, upon his death, descends and vests in his heirs at law, subject to the widow's dower and the payment of debts through his administrator. (Citing cases.) Sec. 62-2701, Ark. Stats., in abolishing the priority between personal property and real property for the payments of the debts of the deceased, applies *after* it has been determined that the lands are necessary for the payment of debts. That section does not change the long established rule of our cases, as above cited."

At the time of the execution of the deed from Jeff Jarvis, Jr., to appellant, the elderly Mrs. Jarvis had apparently died intestate. Jarvis had been named administrator, and the time for filing claims against the estate had expired. The record does not reflect that it will be necessary to sell the real estate in order to pay debts of the deceased. It was not until after the conveyance that the purported will was found. Of course, the vesting in an heir of an interest in real estate owned by an intestate decedent is not only subject to a widow's dower and payment of the debts of the estate, but it is likewise subject to the provisions of a subsequent will which are held to be valid. Accordingly, the interest in the property acquired by Parker (by virtue of his deed from Jarvis) is subject to debts, and also to any lawful provisions in the will which are adverse to the interest he (Parker) acquired. Whether appellant was an "interested party" to the extent that he could file a will contest is unimportant in this litigation, for he actually filed an intervention setting up his interest, and he did have a sufficient interest to file this pleading and assert his rights during

the administration of the estate.

Appellee relies upon the language of Ark. Stat. Ann. § 60-507, Sub-section b (Supp. 1965), which, reads as follows:

"If at the time of the execution of a will there be a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to such child or issue, and *such child or issue shall be entitled to recover from the devisees* [our emphasis] in proportion to the amounts of their respective shares, that portion of the estate which he or they would have inherited had there been no will."

Appellee points to the italicized language, and argues that the statute precludes anyone except a pretermitted child from bringing a petition, and further, that any action brought must be instituted against the devisee, instead of being contended for during the administration of the estate. We do not agree with this interpretation. After all, Section 60-507 deals only with the rights of those who are entitled to *inherit* when they are omitted from a will, *i.e.*, inheritance under the laws of descent and distribution; the Legislature was not concerned (in this section) with what the heir did with the property inherited; there was no occasion, nor necessity, to include any provisions relating to the grantees or assignees (of a pretermitted child). As to appellee's contention that the suit must be instituted against the devisee, instead of the executrix of the estate, let it be pointed out that the statute does not read in the manner suggested by appellee; rather the statute states that such "child or issue

---

[a]Even if it be considered that the deed from Jarvis and wife to Parker was only an assignment of Jarvis' interest in the realty, appellant would have been entitled to assert his claim through the pleading filed, for the general rule is that any estate or interest in lands and tenements is assignable. 6 C.J.S., Page 1054.

*shall be entitled* to recover from the devisees." The
"Committee Comment,'" with reference to this section
(set out beneath the section), makes this perfectly clear.
The comment is as follows:

"This is a restatement, with an effort at clarifica-
tion of Sections 14524 and 14525, Pope's Digest [§ 60-
119, 60-120.]⁵ Section 14526, Pope's Digest [§ 60-
121],⁶ is omitted because the committee feels that it is
not necessary to designate the court or courts in which
the pretermitted child may have his remedy *if the admin-
istration of the estate has been completed, or so nearly
completed as not to allow him a complete remedy in the
distribution of . that portion of the estate remaining
undistributed* [our emphasis] at the time his rights are
adjudicated."

It is thus entirely obvious that the pretermitted child
is entitled to his remedy during the administration of the
estate, and the provision for recovering from the devisee
is only brought into being after the estate has been
closed, or after sufficient funds have been paid out of the
estate to prevent the pretermitted child from acquiring
his full statutory share.⁷

---

⁴This has reference to the committee which prepared Act 140
of the Acts of 1949, the Probate Code.

⁵These sections relate to the rights of pretermitted children.

⁶This section reads as follows: "If the devisees or legatees re-
fuse to pay the same, the party for the recovery thereof shall
have a writ of scire facias against them, and, on the return of the
same, the court shall enter judgment against such devisees or legal-
tees, and award execution thereon."

⁷In *Graham* v. *Hill*, 226 Ark. 258, 289 S. W. 2d 186, Virgil
Finley Graham died testate, leaving his entire estate to certain
friends and relatives, and naming two friends executrices. Virgil
Hill, who had not been mentioned in the will, claimed to be an
adopted son of Graham, and when the will was offered for probate,
Hill intervened, along with the widow, and claimed his portion of
the estate. The trial court held with him, and the Supreme Court
affirmed on appeal. There, Hill was a pretermitted child, but brought
his petition against the executrices of the estate, and during the
time when the estate was being administered.

Appellant states in her brief:

"The relief he [appellant] seeks is that under the pretermitted child Statute (Section 60-507 b, Ark. Statutes 1947 Supra). Under the facts reflected by the pleadings, the appellant must attempt relief other than under this. statute. If he admits or pleads as he did, the pretermitted child statute then he must maintain the action against the minor, Dwight Jarvis. By- instituting the action against the minor, the minor would then be able to plead and recover from the said Jeff Jarvis, Jr., as an offset or counterclaim, the funds and .property unaccounted for by Jess Jarvis, Jr., while he was the administrator of the estate. *** To permit this type of action, under these circumstances, would not only violate all of the common law and statutory rights. of the minor, but would 'promote and cultivate a method where an heir, as administrator, could misappropriate the property and assets of the estate then render himself judgment proof by conveying his. interest, without accounting and removing himself from the action."

Appellee's fears are groundless, for Parker only acquires such interest in the property as Jeff Jarvis, Jr., himself would have received when the estate was closed. If the allegations of misconduct and misappropriation are substantiated, and Jarvis' interest in the real estate lessened thereby, Parker's interest is likewise lessened, since he is entitled to no more interest in the lands than that to which his grantor would have been entitled.

The trial court erred in treating appellant's petition as. a will contest, and the judgment is reversed with instructions to proceed in a manner not inconsistent with this opinion.