344 So.2d 460 (1977)
Bill FOSTER et al.
v.
Bobby FOSTER, Administrator of Estate of Eddie Foster, Deceased, et al.
No. 48850.
Supreme Court of Mississippi.
March 2, 1977.
Laurel G. Weir, Philadelphia, for appellants.
Wilburn Davis Moore, Jr., Philadelphia, for appellees.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
ROBERTSON, Justice for the Court:
The Petition for Rehearing filed on behalf of appellee, Willie Fort Foster, is granted, and the opinion, reversing the decision of the Chancery Court of Neshoba County, is withdrawn. The following opinion, affirming the judgment of the Chancery Court, is substituted therefor:
Eddie Foster died intestate in Neshoba County, Mississippi, on September 14, 1973. Bobby Foster, claiming to be a son of Eddie, filed a Petition for Letters of Administration in the Chancery Court of Neshoba County, and letters were granted to him.
Willie Fort Foster petitioned the court to adjudge him to be the sole and only heir at law. He alleged that he was the son of Eddie Foster and Lena Seals, who were ceremonially married on December 26, 1934, and that he was born to that marriage on May 12, 1942. Willie Fort Foster attached a copy of the marriage license as issued and recorded in Winston County, and a certified copy of his birth certificate, to his petition.
Bobby Foster and Billy Foster, who claimed to be the sons and sole heirs at law of Eddie Foster by virtue of an alleged common law marriage to Laura Wells, filed an answer and cross-bill.
Bill Foster, John Foster and Dell Donaldson, the brothers and sister of Eddie Foster, intervened and denied that Billy Foster, Bobby Foster and Willie Fort Foster were Eddie's legal heirs, and averred that they were the sole and only heirs at law of Eddie Foster.
After a full trial (the record consisting of three volumes containing 539 pages of testimony and documentary evidence), the chancellor rendered this opinion:
"The Court, after reading and considering the pleadings and hearing the testimony and examining the exhibits to the *461 testimony and listening to the argument of counsel, is of the opinion that the Intervenors, Bobby Foster and Billy Foster, failed to prove a common law marriage of their mother, Laura Wells, to Eddie Foster; therefore, they are not heirs-at-law of Eddie Foster. The Court further finds, and is of the opinion, from the evidence presented, that Willie Fort Foster is the son of Eddie Foster and Lena Seals Foster and is Eddie Foster's sole and only heir-at-law. The Court is of the further opinion that the present administrator should file a final accounting and that Willie Fort Foster should be appointed as administrator of the estate."
In the decree, the court found and adjudicated that:
"[T]he Petitioner, Willie Fort Foster has presented sufficient evidence to prove the allegations of his petition and the said Willie Fort Foster is hereby ordered, adjudged and decreed to be the sole and only heir at law of Eddie Foster, deceased."
The court then dismissed the cross-bill filed by Bobby Foster and Billy Foster, and the cross-bill filed by Bill Foster, John Foster, and Dell Donaldson.
Bobby Foster and Billy Foster did not appeal from the ruling of the court, but Bill Foster, John Foster and Dell Donaldson, the brothers and sister of Eddie Foster, deceased, have appealed and contend in this Court that the finding of the chancellor was against the overwhelming weight of the evidence.
Willie Fort Foster, in support of his claim, introduced into evidence the marriage license of Eddie Foster and Lena Seals issued on December 15, 1934, and showing the rites of matrimony performed on December 26, 1934, by J.W. Byrd, a minister of the Gospel.
He also introduced into evidence a delayed birth certificate sworn to by Eddie Foster and Lena Seals Foster before the Neshoba County Chancery Clerk on September 16, 1954, stating under oath that they were the father and mother, respectively, of Willie Fort Foster, who was born to them on May 12, 1942; and his school records showing Eddie as his father and Lena as his mother. He also introduced as an exhibit a warranty deed to Richard E. Winstead signed by Eddie Foster and Willie F. Foster, and acknowledged by "Eddie Foster and his son, Willie F. Foster", on December 17, 1965, before Estille B. Akins, Notary Public.
It was in evidence that Lena Seals Foster died in 1956.
Bill Foster, John Foster and Dell Donaldson, the brothers and sister of Eddie Foster, were allowed to testify in spite of the objections to their testimony as violating the dead man's statute. They testified that Willie Fort Foster was the child of Armedia Hudson, an unmarried woman. It was undisputed that Eddie Foster was the father, in fact, all witnesses admitted the paternity of Willie Fort Foster. All witnesses admitted that Willie Fort Foster had lived with Eddie and Lena since he was 1 1/2 years of age, that he called Lena "mother" and Eddie "daddy", and that they called him "son". It was admitted that Eddie and Lena fed, clothed, educated and supported Willie Fort Foster as their son.
This cause was tried on May 29 and 30, 1974, almost twenty years after the birth certificate was executed and sworn to by Eddie and Lena on September 16, 1954. Lena's mouth was sealed when she died in 1956, and Eddie's when he died in 1973.
Armedia Hudson, who Bill and John Foster and Dell Donaldson claimed was the natural mother of Willie Fort Foster, had passed away. Her mouth was sealed. No birth certificate was offered to show that Willie Fort Foster was the child of Armedia Hudson, nor was any birth certificate offered to show that Armedia Hudson even gave birth to any child on May 12, 1942 (Willie Fort Foster's birthday).
The chancellor during this two-day trial observed the demeanor of all witnesses on the stand, considered their interest in the outcome of this law suit, and determined how much of the testimony of each witness was credible and how much was not credible.
*462 The chancellor, of course, considered Mississippi Code Annotated section 41-57-9 (1972), which provides:
"Any copy of the records of birth, sickness, or death, when properly certified to by the state registrar of vital statistics to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated."
The chancellor took into consideration this Court's consistent pronouncements for more than 100 years that one of the strongest presumptions known to the law is the presumption that a child born in wedlock is a legitimate child. Herring v. Goodson, 43 Miss. 392 (1870).
The latest pronouncement by this Court on this subject was made in Dixon v. Curtis, 340 So.2d 722 (Miss. 1977). Just a month ago, this Court said:
"The presumption that a child born in wedlock is a legitimate child is one of the strongest presumptions known to the law, Krohn v. Migues, 274 So.2d 654 (Miss. 1973), and may be rebutted only by proof beyond a reasonable doubt that the husband is not the father. Stone v. Stone, 210 So.2d 672 (Miss. 1968). After fifty years the frail memorials of human memory will rarely be accepted to rebut the presumption of legitimacy arising from documented records of marriage and birth certificate." 340 So.2d at 727.
We are of the opinion that the chancery court's decision that Willie Fort Foster was the sole and only heir-at-law of his father, Eddie Foster, deceased, was supported by substantial evidence.
The decree of the chancery court is, therefore, affirmed.
This case was considered by a conference of the Judges en banc.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER and BROOM, JJ., concur.
LEE, J., and GILLESPIE, C.J., dissent.
LEE, Justice, dissenting:
The only proof offered by Willie Fort Foster that he is the natural born child of Lena Seals Foster is a delayed birth certificate (delayed twelve years after the child's birth), school records which simply list Eddie Foster as his father, and Lena Foster as his mother, and a warranty deed executed to Winston E. Winstead on December 17, 1965 by Eddie Foster and Willie Fort Foster in which the acknowledgment simply recited "The within named Eddie Foster and his son, Willie Fort Foster, who acknowledged that they signed... ."
This evidence was sufficient to make out a prima facie case that Lena Seals Foster was the natural mother of the child.
Appellants introduced six (6) witnesses who testified that Lena Seals Foster has had no children, two (2) witnesses who testified that Lena was not pregnant in the nine (9) months prior to Willie Fort Foster's date of birth, three (3) witnesses who testified that Lena was approximately sixty (60) years old at the time of Willie Fort Foster's birth, two (2) witnesses who testified that Armedia Hudson was seen pregnant prior to Willie Fort Foster's birth, and one witness who testified that she saw Armedia with the baby (Willie Fort Foster) more than once after his birth. There was also testimony that a child lived with Eddie Foster and Lena Seals Foster from the age of approximately one and one-half (1 1/2) years, and four (4) witnesses testified that the child reared in the home of Eddie Foster and Lena Seals Foster was the same child born to Armedia Hudson. The delayed birth certificate for Willie Fort Foster falsely reflected that four (4) children were born to Lena Seals Foster, and it further reflected the age of Lena to be thirty-eight (38) and the age of Eddie Foster to be twenty-nine (29) years on the date of the birth of Willie Fort Foster.
In my opinion, appellees' case entirely disintegrated when the above evidence was introduced and no attempt was made to rebut same. It is true that one of the strongest presumptions is the presumption that a child born in wedlock is a legitimate *463 child, but this presumption applies to a child born to a mother and not to the illegitimate child of the father. The father may have a dozen children born of other women, and none to his wife, but there would be no presumption that because he was married those children were born to his wife.
In Bryant v. Thrower, 239 Ark. 783, 394 S.W.2d 488 (1965), a twenty-five-year delayed birth certificate bearing the signature of Eva Wilson, wife of A.R. Wilson (purpose to show Lois Wilson Bryant to be the child of A.R. Wilson), was held to be prima facie evidence that the facts stated therein were true. Testimony of several neighbors was to the effect that Lois Wilson Bryant was the child of A.R. Wilson, but numerous witnesses testified that Lois Wilson Bryant was neither the born child nor adopted child of A.R. Wilson and Eva Helen Wilson, and that they took Lois home and reared her from infancy. The chancellor found that the certificate made out a prima facie case which was overcome by the testimony of Eva Wilson's brother and others. The Supreme Court of Arkansas affirmed the lower court in such holding and that she had no claim under the will of A.R. Wilson as a pretermitted child.
While I feel that Eddie Foster and Lena Seals Foster probably wanted Willie Fort Foster to have their property and while it may be said that Willie Fort Foster is morally entitled to it, the proof in this case is overwhelming that he was not the natural son of Lena Seals Foster and, in my opinion, appellants proved beyond reasonable doubt that he is not Lena's son. The only way he could take property from them was either by adoption or will. Neither of those procedures was followed, and I cannot legitimate him by a spurious birth certificate in order that he may inherit from those people who evidently loved, and who certainly cared for and reared him. I think the case should be reversed and judgment rendered for appellants, and I, therefore, dissent from the majority opinion.
GILLESPIE, C.J., joins in this dissent.