Tiny Standoak BABB, Gregory Franks, Shilena Easter, Michael Easter, Felisha Easter, Frederick Easter, and Daryl Standoak *v.* Leanna MATLOCK and Curtis Standoak

99-127                                                        9 S.W.3d 508

Supreme Court of Arkansas
Opinion delivered February 3, 2000
[Petition for rehearing denied March 9, 2000.]

*Willie E. Perkins, Jr.*, for appellants.

*Brent Baber*, for appellees.

DONALD L. CORBIN, Justice. This is a wrongful-death case in which we are asked to interpret the term "beneficiaries," as provided in Ark. Code Ann. § 16-62-102(d) (Supp. 1999). Appellants Tiny Standoak Babb, Gregory Franks, Shilena Easter, Michael Easter, Felisha Easter, Frederick Easter, and Daryl Standoak are the grandchildren of Allean Standoak, who died on March 29, 1997. Allean had four children: Appellee Leanna Matlock, Appellee Curtis Standoak, Theadoris Standoak, and Shirley Standoak. Appellants are the children of Theadoris Standoak and Shirley Standoak, both of whom predeceased Allean. In December 1997, Appellee Leanna Matlock was appointed special administratrix of Allean's estate for the purpose of bringing a wrongful-death suit. In August 1998, the Garland County Probate Court entered an order of settlement in the wrongful-death action. The order

reflected that after payment of attorney's fees and satisfaction of liens held by Medicare and Medicaid, the remainder of the settlement was divided between Appellees, the two surviving children. Appellants subsequently filed a motion to intervene in the wrongful-death action, claiming that they were Allean's heirs at law and thus beneficiaries of the settlement. The probate judge denied intervention, and this appeal followed. Our jurisdiction of this case is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), as it involves issues of first impression. We affirm.

We review probate proceedings *de novo*, and we will not reverse the decision of the probate court unless it is clearly erroneous. *Buchte v. State*, 337 Ark. 591, 990 S.W.2d 539 (1999); *Barrera v. Vanpelt*, 332 Ark. 482, 965 S.W.2d 780 (1998). When reviewing the proceedings, we give due regard to the opportunity and superior position of the probate judge to determine the credibility of the witnesses. *Id.* The questions presented by this appeal are: (1) whether the definition of "children" as used in section 16-62-102(d) should be interpreted broadly so as to include the descendants of those children of the deceased who predeceased the deceased; and (2) whether the relationship of *in loco parentis* continues past the age of majority for purposes of claiming as a beneficiary to a wrongful-death suit. We conclude that the answer to both questions is "No."

There was no cause of action for wrongful death at common law. *Simmons First Nat'l Bank v. Abbott*, 288 Ark. 304, 705 S.W.2d 3 (1986); *McGinty v. Ballentine Produce, Inc.*, 241 Ark. 533, 408 S.W.2d 891 (1966). Thus, because the action is a statutory creation and is in derogation of or at variance with the common law, we construe the wrongful-death statute strictly. *Id.* Strict construction necessarily "requires that nothing be taken as intended that is not clearly expressed." *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 279, 984 S.W.2d 1, 4 (1998). Given that narrow standard, we must reject Appellants' first argument, that we should broadly construe the class of statutory beneficiaries to include persons not specifically named.

Section 16-62-102(d) provides:

> The beneficiaries of the action created in this section are the surviving spouse, children, father and mother, brothers and sisters of the deceased person, persons standing in loco parentis to the

deceased person, and persons to whom the deceased stood in loco parentis.

Clearly, grandchildren of the deceased person are not included in the group of statutory beneficiaries. It is equally clear that the term "children" means living children, as the entire group of beneficiaries is qualified by the term "surviving." Thus, children who are not living at the time of the deceased person's death are not among the statutory beneficiaries, and, correspondingly, neither are the deceased children's heirs at law. Accordingly, we reject Appellants' assertion that they are beneficiaries to the wrongful-death settlement.

We also reject the claim raised by Appellants Tiny Standoak Babb and Gregory Franks that they are beneficiaries because they are persons to whom the deceased stood *in loco parentis*. Their claim is based on the fact that Allean raised them after each of their mothers had died. Appellees argue that this fact is of no consequence to the wrongful-death action, because both Babb and Franks were over the age of eighteen and were not disabled at the time of Allean's death. Thus, Appellees assert that the relationship of *in loco parentis* terminates at the time the children reach the age of majority, unless they are disabled. The probate court agreed with Appellees.

Babb and Franks do not dispute that they were both adults at the time of Allean's death and that neither one of them suffers from any disability. They maintain, however, that the loss they suffered as a result of Allean's wrongful death is not lessened by the fact that Allean was no longer supporting them, financially or otherwise, at the time of her death. In this respect, they contend that their legal position is no different from that of Appellees, who were also adults at the time of Allean's death. We disagree.

This court has defined the term *"in loco parentis"* as "in place of a parent; instead of a parent; charged factitiously with a parent's rights, duties, and responsibilities." *Standridge v. Standridge,* 304 Ark. 364, 372, 803 S.W.2d 496, 500 (1991) (quoting *Black's Law Dictionary* 708 (5th ed. 1979)). One who stands *in loco parentis* to a child puts himself or herself "in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to a legal adoption." 59 AM. JUR.2D *Parent and Child* § 75, at 217 (1987) (footnote omitted).

The relationship may be abrogated at will by either the person assuming the parental duties or the child. *Id.* Thus, the relationship is a temporary one, unlike that of adoption. *Bryant v. Thrower,* 239 Ark. 783, 394 S.W.2d 488 (1965). The question then is when does the relationship end, provided that it is not voluntarily abrogated by either party.

█ Although this court has not specifically addressed this issue, the general rule appears to be that the relationship of *in loco parentis* ends when the child reaches the age of majority and is not disabled. *See* 67A C.J.S. *Parent & Child* § 154, at 551 (1978) (footnote omitted) (providing that "[o]rdinarily, a person cannot stand in loco parentis to an adult who is not mentally or physically incapacitated from providing for himself"). This is consistent with the general rule that a parent is legally obligated to support his or her child at least until the time the child reaches majority. *See Towery v. Towery,* 285 Ark. 113, 685 S.W.2d 155 (1985). Once a child reaches majority and is physically and mentally capable, the legal duty of the parent to support that child ceases. *Id.* Conversely, the duty of support does not cease at majority if the child is mentally or physically disabled and needs support. *Id.*

█ Here, there is no evidence that Babb or Franks, both of whom were adults and suffered from no disability, were relying on Allean's support at the time of her death. Thus, they are not beneficiaries under the wrongful-death statute, as Allean did not stand *in loco parentis* to them at the time of her death. We are aware of the impact that this decision may have on the ever-increasing number of children in this state who are being raised, but not formally adopted, by grandparents and other relatives. Indeed, we may be tempted to sympathize with Appellants' position that their loss is in no way lessened merely because Allean was no longer contributing to their support. Nevertheless, we believe that any expansion of the right of recovery under the wrongful-death statute lies within the province of the General Assembly, not this court. We thus affirm the probate court's ruling on this point. Accordingly, because we conclude that all Appellants lacked standing to claim any interest in the settlement procured as a result of Allean's wrongful death, we summarily affirm the remaining points on appeal.

BROWN and IMBER, JJ., concur.

ARNOLD, C.J., and THORNTON, J., dissent.

ANNABELLE CLINTON IMBER, Justice, concurring. I agree with the result reached by the majority based upon the plain language of Ark. Code Ann. § 16-62-102 (Supp. 1999). Section 16-62-102(d) provides for two categories of *in loco parentis*-beneficiaries: "persons standing *in loco parentis* to the deceased person," and " persons to whom the deceased stood *in loco parentis*." The first category is written in the present tense. Thus, beneficiary status in that category is accorded only to persons who stand *in loco parentis* to the deceased at the time of death. The statute's next phrase defining the second category of *in loco parentis* beneficiaries can be and should be similarly construed to refer only to persons to whom the deceased stood *in loco parentis* at the time of death. The use of the past tense in the latter phrase merely indicates that a deceased person cannot stand *in loco parentis* to anyone following his or her death. Both categories of *in loco parentis* beneficiaries are thereby capable of being construed consistently and harmoniously. Inequities would necessarily result if the statute were construed otherwise, with beneficiary status being limited to an *in loco parentis* relationship at the time of death as to one *in loco parentis* category, but not as to the other *in loco parentis* category.

For these reasons, I would affirm the probate court's ruling based upon the plain language of section 16-62-102(d) and our case law interpreting the term *in loco parentis*.

BROWN, J., joins in this concurrence.

W.H. "DUB" ARNOLD, Chief Justice, dissenting. I disagree with the majority in holding that the relationship of *in loco parentis* does not continue past the age of majority for purposes of claiming as a beneficiary to a wrongful-death suit. Appellants Tiny Standoak Babb and Gregory Franks were raised by their grandmother, Allean Standoak, after their parents died. "Raise" is defined in the dictionary as: "to give (children) a parent's fostering care : bring up : NURTURE, REAR." *Webster's Third New International Dictionary* 1877 (1986).

Appellees argue that the relationship of *in loco parentis* terminated at the time each of the children reached their majority. The wrongful-death statute sets forth those who are considered as beneficiaries. Section 16-62-102(d) provides:

> The beneficiaries of the action created in this section are the surviving spouse, children, father and mother, brothers and sisters of the deceased person, persons standing *in loco parentis* to the deceased person, *and persons to whom the deceased stood in loco parentis.*

(Emphasis added.)

This Court has not specifically addressed this issue until this case. The majority now holds that the relationship ends when the child for whom the deceased stood *in loco parentis* reaches the age of majority but not when the natural child reaches the age of majority. The statute makes no distinction as to children, whether natural or those for whom the deceased has stood *in loco parentis*, regarding whether they are beneficiaries even after reaching the age of majority. Therefore, I fail to see why the majority has made such a distinction. I, therefore, respectfully dissent.

THORNTON, J., joins.