Dr. Raul RAMIREZ and Beverly Enterprises *v.*
WHITE COUNTY CIRCUIT COURT

00-827                                    38 S.W.3d 298

Supreme Court of Arkansas
Opinion delivered January 18, 2001

*Anderson, Murphy & Hopkins, L.L.P.*, by: *David A. Littleton*, for petitioner Dr. Raul Ramirez.

*Armstrong Allen, P.L.L.C.*, by: *Charles A. Banks, E.B. "Chip" Chiles, IV*, and *Paul Woods*, for petitioner Beverly Enterprises.

*Timothy O. Dudley,* for respondent.

JIM HANNAH, Justice. This case arises from the death of Iris Harvey. Dr. Raul Ramirez and Beverly Enterprises–Arkansas, Inc, d/b/a/ Beverly Health and Rehabilitation Center–Searcy, petition this court for a writ of prohibition against the White County Circuit Court to prevent further prosecution of a wrongful death action, White County Circuit Court case number 99-423, *David Harvey, as next of kin heir at law of Iris Harvey, Deceased v. Dr. Raul Ramirez and Beverly Enterprises-Arkansas, Inc, d/b/a/ Beverly Health and Rehabilitation Center-Searcy.* David Harvey, plaintiff in the action below, has responded. This petition was filed in this court on July 18, 2000. On September 7, 2000, this court heard and granted a petition that this matter be submitted as a case.

Petitioners assert the circuit court lacks jurisdiction because plaintiff David Harvey is without standing to sue given he is only one of Iris Harvey's heirs at law and all heirs at law must be joined in the lawsuit before heirs at law may bring a wrongful death action. David Harvey affirms that the issue before this court is whether a single heir at law can bring an action for wrongful death when there are other heirs at law who have not been joined. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(a)(3), as a petition for a writ of prohibition to be directed to a circuit court. We conclude that under the current wrongful death statute, where a wrongful death action is pursued by heirs at law, all heirs at law must be joined in the action. Therefore, as only one of the heirs at law, David lacks standing under the wrongful death statute. This deprives the circuit court of jurisdiction. We hold that the writ of prohibition will lie.

*Facts*

On May 25, 1995, Iris Harvey died while in the care of petitioners. On May 14, 1997, Iris' husband David filed a complaint as "Next of Kin and Husband of Iris Harvey, Deceased," asserting his wife had died as a result of negligence in her care, and that he had suffered mental anguish as a result of his wife's untimely death.

On May 14, 1995, Iris was in the care of Beverly Enterprises, when she was admitted to Central Arkansas Hospital by Dr. Raul Ramirez due to symptoms of congestive heart failure. David asserts that his wife's blood potassium level was within normal limits

when she was admitted, but that by the time she was released back into the care of Beverly Enterprises on May 19, 1995, her potassium level was abnormally high and untreated. He further alleges Dr. Ramirez prescribed medication during Iris' therapy that further elevated her blood potassium level. He alleges in addition that after release from the hospital, Dr. Ramirez and Beverly Enterprises failed to properly monitor her potassium level and to order and or provide necessary electrolytes. David alleges that the negligence of Dr. Ramirez and Beverly Enterprises was the proximate cause of his wife's death.

On October 21, 1997, petitioner Ramirez filed a motion for summary judgment asserting David lacked standing to pursue his wrongful death action because he was but one of the heirs at law and that the statute requires all heirs at law to be joined in the action. David filed a motion to substitute himself as administrator for the estate, as the party plaintiff to replace David Harvey as an individual, but the motion was denied. Summary judgment was granted as to all heirs at law excepting David. Thus, the trial court found that David's action as an heir at law survived. No appeal was taken from these decisions of the trial court. However, shortly thereafter David non-suited the action and re-filed it as "David Harvey, as Next Kin and Heir at Law of Iris Harvey, Deceased" on December 13, 1999. Petitioners again moved for summary judgment, again asserting David lacked standing. The trial court ruled as it had the first time, finding David could sue as an individual heir at law. Petitioners now seek a writ of prohibition alleging the trial court erred in this decision and a lack of standing leaves the trial court wholly without jurisdiction.

## Writ of Prohibition

Petitioners seek a writ to stop the circuit court from proceeding in this case because they allege there is no jurisdiction due to a lack of standing by plaintiff in the case in the trial court below. The party seeking to proceed by petition for writ of prohibition bears the burden of demonstrating that it is clearly entitled to so proceed. *Nucor-Yamato Steel Company v. Circuit Court*, 317 Ark. 493, 878 S.W.2d 745 (1994). Petitioners argue that under Ark. Code Ann. § 16-62-102(b) (1987), a wrongful death action may be pursued only by all the heirs at law, and not by just one as is being attempted in this case, that the plaintiff below lacks standing, and

that, therefore, the trial court lacks jurisdiction. Thus, the issue is the legal question of whether the trial court has jurisdiction to hear David's complaint.

▉▉ In *State v. Circuit Court of Lincoln County*, 336 Ark. 122, 984 S.W.2d 412 (1999), this court stated:

> A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra; West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994) (quoting *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993).

*See also, Willis v. Circuit Court of Phillips County*, 342 Ark. 128, 27 S.W.3d 372 (2000); *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Circuit Court of Lincoln County*, 336 Ark. at 125.

▉ Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Western Waste Indus. v. Purifoy*, 326 Ark. 256, 930 S.W.2d 348 (1996); *Fausett and Co. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985); *Titsworth v. Mayfield, Judge*, 241 Ark. 641, 409 S.W.2d 500 (1966). When jurisdiction depends on the establishment of facts or turns on facts which are in dispute, the issue is one correctly determined by the trial court. *Steve Standridge Insurance Inc. v. Langston*, 321 Ark. 331, 900 S.W.2d 955 (1995).

▉▉ The issue before the trial court was an interpretation of Ark. Code Ann. § 16-62-102(b), and therefore was a legal question. Petitioners are not entitled to an appeal because they would be appealing from denial of a motion for summary judgment. "We have repeatedly held that the denial of a motion for summary judgment is not subject to review or appeal." *Bharodia v. Pledger*, 340 Ark. 547, 11 S.W.3d 540 (2000); *Daniels v. Colonial Ins. Co.*,

314 Ark. 49, 857 S.W.2d 162 (1993); *Hastings v. Planters and Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991); *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). So, if there is no jurisdiction, the only way petitioners can obtain review by this court is by way of a petition for a writ of prohibition. Therefore, a petition for a writ of prohibition is a proper method to obtain review of jurisdiction by this court.

The issue before the court is whether an individual heir at law can bring a wrongful death action when he or she is not the only heir at law. The Wrongful Death Statute is Ark. Code Ann. § 16-62-102. Ark. Code Ann. § 16-62-102(2)(b) provides:

> Every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

### Statutory Construction

The question becomes one of statutory construction.

This Court in *Babb v. Matlock*, 340 Ark. 263, 9 S.W.3rd 508 (2000), stated:

> Thus, because the action (wrongful death) is a statutory crea-tion and is in derogation of or at variance with the common law, we construe the wrongful-death statute strictly. *Id.* Strict con-struction necessarily 'requires that nothing be taken as intended that is not clearly expressed.' *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 279, 984 S.W.2d 1, 4 (1998). Given that narrow stan-dard, we must reject Appellants' first argument, that we should broadly construe the class of statutory beneficiaries to include persons not specifically named. *Babb, supra.*

This court in *McGinty v. Ballentine*, 241 Ark. 533, 408 S.W.2d 891 (1966), stated:

> [A]t common law no cause of action survived for wrongful death, and the only cause of action that arises is because of wrong-ful death statutes, which must be strictly adhered to in determining the cause of action, the parties, and the period of limitations.

■ In *Smith v. Missouri Pac. Rd. Co.*, 175 Ark. 626, 1 S.W.2d 48 (1927), this court stated that as a cause of action created by statute, "it only exists in the manner and form and for the time prescribed by the statutes of the State which created it...." See also, Vines v. Ark. Power & Light Co., 232 Ark. 173, 337 S.W.2d 722 (1960).

■ The trial court interpreted Ark. Code Ann. § 16-62-102(b) and review of the court's statutory interpretation is de novo. *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Burnette v. Perkins & Assocs.*, 343 Ark. 237, 33 S.W.3d 145 (2000).

■ The plain-meaning rule is applied first. This court has said that in determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). If the language of a statute is clear and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Worth v. City of Rogers*, 341 Ark. 12, 14 S.W.3d 471 (2000).

■ If the plain meaning is not evident from the statute itself, then interpretation must be undertaken. "The basic rule of statutory interpretation to which all other interpretative guides must yield is the necessity to give effect to the intent of the General Assembly." *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000) (quoting *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996)).

### Standing

The facts are not in dispute. At the time the first complaint was filed on May 14, 1997, no estate had been opened for Iris Harvey. Ark. Code Ann. § 16-62-102(2)(b) requires that in the absence of a personal representative, the action shall be brought by the heirs at law. Iris Harvey had three heirs at law, her husband David, Randy Harvey, a son now thirty-six years of age, and Cynthia Casey, a daughter now forty-three years of age. Under Ark. Code Ann. § 16-62-102(d), all three individuals were beneficiaries under the wrongful death statute. The widower, David, filed the original complaint as David Harvey as Next of Kin and Hus-

band of Iris Harvey, Deceased. The lawsuit was filed by an heir at law but not by all of the heirs at law. After David took a voluntary non-suit, David refiled the complaint on December 13, 1999, as David Harvey, as Next of Kin and Heir at Law of Iris Harvey, Deceased. Again, this lawsuit was filed by an heir at law, but not by all of the heirs at law.

In *Brewer v. Lacefield*, 301 Ark. 358, 784 S.W.2d 156 (1990), this court in discussing fees sought by attorneys who represented the heirs at law in an action where the wrongful death action had been prosecuted by a personal representative, stated, "[T]he wrongful death code provisions do not create an individual right in any beneficiary to bring suit." *Brewer*, 301 Ark. at 362 (citing *Cude v. Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985)).

In *Thompson v. Southern Lumber Co.*, 113 Ark. 380, 168 S.W. 1068 (1914), this court stated, in citing *McBride v. Berman*, 79 Ark. 62 (1906), "It follows from these decisions as an indispensable prerequisite to the maintenance of a suit under the statute, supra, that the widow and heirs of the person killed by the wrongful act of another shall all be made parties." In *McBride*, this court stated, "That in default of a personal representative an action brought under Lord Campbell's Act must make the widow (if there be one) and the heirs at law parties thereto." *McBride*, 79 Ark. at 65. A review of the statutes applicable at the time of these cases shows Kirby's Digest, 1903, was the current law for *Thompson* and *McBride*. Kirby's Digest, sec. 6290 (1903), in relevant part provides,

> Every such action shall be brought by, and in the name of the personal representative of such deceased person, and if there be no personal representative, then the same may be brought by the heirs at law of such deceased person....

The present statute provides in relevant part that if there is no personal representative, "then the action shall be brought by the heirs at law of the deceased person." Ark. Code Ann. § 16-62-102(b). The language is quite similar.

In determining the meaning of a statute, this court will construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. If the language of a statute is clear and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. *Worth v. City of Rogers*, 341 Ark. 12, 14 S.W.3d 471

(2000). The statute states the action "shall be brought by the heirs at law of the deceased person." In the original act, the language was "may be brought by the heirs at law...." Mansfield's Digest, sec. 5226. Act 255 of 1957 first used "shall be brought by the heirs at law...." Ark. Stat. Ann. § 27-907 (Repl. 1962). This change in the language is from "may" to "shall." The word "shall" is now considered mandatory in spite of earlier cases that indicated otherwise. Earlier this court stated;

> [T]hough ordinarily the word "shall" is mandatory, and the word "may" is directory, they are often used interchangeably in legislation. *Arkansas State Highway Comm'n v. Mabry*, 229 Ark. 261, 315 S.W.2d 900 (1958). In *Mabry*, this court recognized that to carry out the legislature's intent, the word "shall" may, in certain circumstances, be construed as the equivalent of the word "may." This court concluded that if the language of the statute, considered as a whole and with due regard to its nature and object, reveals that the legislature intended the word "shall" to be directory, it should be given that meaning.
>
> * * *
>
> Since *Mabry*, this court has consistently held that the use of the word "shall" in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. See *Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996); *Klinger v. City of Fayetteville*, 293 Ark. 128, 732 S.W.2d 859 (1987); *Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986).

*Fulmer v. State*, 337 Ark. 177, S.W.2d 700 (1999).

David relies on *Murrell v. Springdale Mem. Hosp.*, 330 Ark. 121, 952 S.W.2d 153 (1997), for the proposition that an individual heir at law can bring suit for wrongful death when there are other heirs at law. In *Murrell*, the widower filed suit as the surviving spouse and subsequently took a voluntary non-suit. There were also three surviving children. The widower refiled the lawsuit as the personal representative of the estate and as the surviving spouse. The widower died and the couple's son was appointed successor administrator. We held that the widower's action for wrongful death of his wife did not survive his death, and that the children's claim was barred by the statute of limitation because they were not parties to the first action. This court's statement in *Murrell* that "Melvin Dale

Murrell's initial complaint, filed prior to the opening of Bonnie Marie Murrell's estate was appropriately brought according to Ark. Code Ann. § 16-62-102(b) (1987)" is merely dicta and was not the holding in the case. This statement was an incorrect statement of the law

■■ The language of Ark. Code Ann. § 16-62-102(b) is clear and unambiguous. If there is no personal representative of the deceased person, then the action shall be brought by all the heirs at law of the deceased. In this case, there were three heirs at law: David, the widower, and the two children. *See* Ark. Code Ann. § 16-62-102(d). The Wrongful Death Statute, Ark. Code Ann. § 16-62-102(b), requires the action be brought by all of the heirs at law. David has no standing to bring this action.

We grant the Writ of Prohibition.