Daniel BUCHTE *v.* STATE of Arkansas

98-1002                                                990 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered May 27, 1999
[Petition for rehearing denied July 1, 1999.]

*William R. Simpson, Jr.*, Public Defender, by: *Russell Byrne*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. Appellant, Daniel Buchte, appeals from a forty-five-day commitment order entered by a Pulaski County probate judge. Buchte contends that the commitment order was invalid because he did not appear nor was he represented at a probable-cause hearing as required by Ark. Code Ann. § 20-47-209 (Repl. 1991). The State acknowledges the invalidity of the forty-five-day commitment order. The State, however, requests we reverse and dismiss exclusively on the grounds that the Pulaski County probate court did not have jurisdiction to enter the order pursuant to our decision in *Chatman v.*

*State*, 336 Ark. 323, 985 S.W.2d 718 (1999)[1]. We do reverse and dismiss, but we also will discuss the merits of Buchte's appeal in that the alleged errors are subject to repetition and yet could evade review.

*Facts*

On Thursday, June 25, 1998, an Independence County sheriff took Buchte into custody from his home. Apparently, Buchte held a loaded shotgun to his father's head while his father was napping. The sheriff took Buchte to the Independence County jail under protective custody pursuant to an involuntary alcohol/drug commitment petition completed by Buchte's father, Harold Buchte. John and Martha Clark, who were present when the incident occurred, also signed the petition. John Clark reported the incident to Vickie A. Warner, deputy prosecuting attorney for Independence County. At the jail, Buchte underwent a screening evaluation by a representative of North Arkansas Human Services, and was then transported the next day to the Living Hope Institute in Little Rock.

Five days after its completion, the prosecutor filed the commitment petition in the Independence County probate court on Tuesday, June 30, 1998. Also on June 30, 1998, Independence County Probate Judge John Norman Harkey held an ex parte "hearing" in chambers to determine whether a seven-day evaluation of Buchte was necessary. Present at the hearing were Warner, John Clark, and Harold Buchte. Neither appellant nor his legal representative was present, and there is no indication in the record that Buchte was served with notice of the hearing, nor given an opportunity or provided transportation from Little Rock to attend the hearing. The probate court made no written record of the hearing. However, Judge Harkey entered an order granting the seven-day evaluation of Buchte at the Living Hope Institute. Judge Harkey also noted in his order that the case should be trans-

---

[1] We note that, since *Chatman*, the General Assembly has addressed the jurisdiction issue by amending A.C.A § 20-47-205 through enactment of Act 1245 of 1999.

ferred to a Pulaski County probate court since Buchte, at that time, resided in a Pulaski County treatment facility. Judge Harkey further ordered that Buchte should be afforded legal counsel through the public defender for involuntary admissions located in Little Rock.

Buchte first saw a judge on July 8, 1998, when a hearing was held in Pulaski County before Judge Mary McGowan, a Pulaski County probate judge. At the hearing, Buchte's attorney moved to dismiss the case contending Buchte's constitutional due process rights had been violated by the prosecutor's failure to serve notice on Buchte or give Buchte an opportunity to attend the initial hearing, or the subsequent hearing on the seven-day-evaluation commitment petition termed the "Section Five probable cause hearing." Judge McGowan ordered Buchte committed for forty-five days at the Arkansas State Hospital. Judge McGowan denied Buchte's dismissal motion stating that the Pulaski County probate court does not have jurisdiction to overrule an order entered by another county's probate court.

### Standard of Review

We review probate proceedings de novo, and the decision of the probate court will not be disturbed unless clearly erroneous, giving due regard to the opportunity and superior position of the trial judge to determine the credibility of the witnesses. *Vier v. Vier*, 62 Ark. App. 89, 968 S.W.2d 657 (1998), citing *Dale v. Franklin*, 22 Ark. App. 98, 733 S.W.2d 747 (1987).

### Mootness

As a first consideration, Buchte argues that this case is not moot because it contains an issue of public interest or tends to be capable of repetition, but avoids review. In *Campbell v. State*, 311 Ark. 641, 846 S.W.2d 639 (1993), we noted that generally we will not address issues that are moot except in cases involving issues of public interest or those that tend to become moot before they run their course. As this court stated in *Chatman v. State*, 336 Ark. 323, 985 S.W.2d 718 (1999), people affected by this type of

procedure "would never be able to appeal those orders because they will likely have been released from the order before their appeals can reach this court." *Id.* at 326. As such, mootness based on the fact that Buchte has long since been released from this forty-five-day involuntary commitment will not bar this court's consideration of his appeal.

## Due Process

On the merits, the Arkansas statutes containing the mental commitment procedures are contained in Ark. Code Ann. §§ 20-47-101 *et seq.*, and explained in *Chatman*. In *Chatman*, we explained the proper procedure to follow for involuntary commitments, for both an involuntary commitment initiated by a petition and one initiated by immediate confinement. We stated:

> The statutory scheme for evaluating and treating a person who is dangerous to himself or others is laid out in the Code under the title "Commitment and Treatment of the Mentally Ill." See Ark. Code Ann. §§ 20-47-201 through 20-47-222 (Repl. 1991, Supp. 1997). The first step in the procedure for involuntary admissions is for an individual who has reason to believe another person constitutes a danger to himself or others to file a petition in the probate court in the county where that person resides. Ark. Code Ann. §§ 20-47-207, 20-47-210 (Repl. 1991). After the petition is filed, a hearing must be held within three days of that event before the probate judge of that county to determine whether there is probable cause to believe the person has a mental illness and is a danger to himself or to others. Ark. Code Ann. § 20-47-209 (Repl. 1991). This is the Section Five hearing, and in order for a person to be admitted to a hospital for evaluation, the probate judge must be convinced that such is warranted by clear and convincing evidence. Id. If the probate judge orders the person admitted for evaluation, a second hearing must be held within seven days by a probate judge where the person is being evaluated to decide if detention in a hospital or receiving facility or other program for up to forty-five days for treatment is needed. Ark. Code Ann. §§ 20-47-205(b), 20-47-214 (Repl. 1991, Supp. 1997). Any probate judge in the Sixth Judicial District, where the Arkansas State Hospital is

located, may hold that hearing if the person is detained within that district. Ark. Code Ann. § 20-47-205(g) (Supp. 1997). If the probate judge determines by clear and convincing evidence that the person is a danger to himself or others, the judge shall order detention for treatment for a maximum of forty-five days. Ark. Code Ann. § 20-47-214 (Repl. 1991).

There is also a procedure for immediate confinements and evaluation for emergency situations. See Ark. Code Ann. § 20-47-210 (Repl. 1991). Under § 20-47-210, whenever a person is a danger to himself or to others and immediate confinement appears necessary, a law enforcement agency in the jurisdiction shall transport that person to a hospital or receiving facility, if there is no other safe means of transportation available. A petition for involuntary admission with a request for immediate confinement must be filed within seventy-two hours, excluding weekends and holidays. The probate judge for the county then holds an ex parte hearing with the petitioner to determine whether there is reasonable cause for involuntary admission and imminent danger of death or serious bodily harm. If the probate judge finds that immediate confinement under those criteria is necessary, the judge shall order the law enforcement agency to transport the person to a receiving facility. A probable-cause hearing under § 20-47-209(a)(1) (the Section Five hearing) must then be held within seventy-two hours of the person's detention and confinement. *Chatman, supra,* at 327-328. In a footnote to the opinion, we noted that Ark. Code Ann. § 20-47-209(a)(1) requires that the probable-cause hearing be "set" within three days, and the court construed that to mean "set" and "held" within the three-day time period.

Finally, pursuant to Ark. Code Ann. § 20-47-211 (Repl. 1991), upon detention the detainee is supposed to be served a copy of the petition for involuntary commitment, a copy of a summons to appear at the probable-cause hearing, and a copy of a statement of rights. This statement of rights, contained in Ark. Code Ann. § 20-47-211, states:

1) That he has a right to effective assistance of counsel, includ-
ing the right to a court-appointed attorney;

2) That he and his attorney have a right to be present at all
significant stages of the proceedings and at all hearings;
except no attorney shall be entitled to be present upon
examination of the person by the physician or any member
of the treatment staff pursuant to an evaluation, whether ini-
tially, or subsequently;

3) That he has the right to present evidence in his own behalf;

4) That he has the right to cross-examine witnesses who testify
against him;

5) That he has the right to remain silent;

6) That he has a right to view and copy all petitions, reports,
and documents contained in the court file.

This statement of rights is required to be served on the detainee
under the statute. However, the code states no specific remedy for
failure to serve the statement on the defendant, or to provide these
rights, short of constitutional due process remedies.

■ ■ As in *Chatman*, Appellant Buchte contests the entry
of the order requiring the forty-five-day involuntary commitment
based on the fact that there was not a valid Section Five probable-
cause hearing for the original seven-day evaluation. It appears that
the Independence County probate court combined the order per-
mitting immediate confinement with the probable-cause order
allowing a seven-day evaluation, resulting in a denial of Buchte's
right to be heard at the hearing. Because this is an immediate-
confinement case, Ark. Code Ann. § 20-47-210 applies. Under
that statute, the rules for an immediate-confinement situation
require that the petition for immediate confinement be filed
within seventy-two hours from the time of confinement, and that
the probable-cause hearing be held, pursuant to Ark. Code Ann.
§ 20-47-209, also within the seventy-two-hour period. We made
it clear in *Chatman* that in immediate-confinement cases, the
probable-cause hearing must be held within seventy-two hours of

confinement before allowing the seven-day evaluation to proceed. The court stated:

> It is imperative under the statutes that a probable-cause hearing, justifying further detention and evaluation, be conducted within three days of the petition for involuntary admission *or, in the case of immediate confinement, within three days of detention. The hearing to determine probable cause is mandatory*·. . . . (Emphasis added.)

*Chatman, supra*, at 329; see also, Ark. Code Ann. § 20-47-210(b)(3). Furthermore, upon confinement, the person detained must be served with a statement of rights codified in Ark. Code Ann. § 20-47-211, which specifically notes that this person has the right to be present or have an attorney present at all significant stages of the proceedings and at all hearings.

■ In this case, while it is arguable that the probable-cause hearing was held within seventy-two hours, excluding weekends, of Buchte's confinement (Thursday to Friday, twenty-four hours; Friday to Monday, forty-eight hours; Monday to Tuesday, seventy-two hours), Buchte was neither allowed to appear nor was he afforded legal counsel to appear on his behalf. While the code permits a court to conduct the hearing in a detainee's absence due to physical infirmity, or if appearance would be detrimental to his health, well-being, or treatment, or that his conduct would be disruptive, the court must make specific findings that one of these conditions was present to justify the detainee's nonattendance. See Ark. Code Ann. § 20-47-209(b)(1) through (3). No such findings were made in the instant case. Furthermore, Buchte was not afforded any legal counsel at what turned out to be the probable-cause hearing in his case. In fact, the order for evaluation is the first instance in which the probate court appointed legal counsel for Buchte. In short, Buchte was not afforded his due process protection pursuant to Ark. Code Ann. § 20-47-211.

For all the forgoing reasons, we reverse and dismiss. ·

Reversed and dismissed.