James Patrick MANNING *v.* STATE of Arkansas

CA 01–129                                       61 S.W.3d 910

Court of Appeals of Arkansas
Division IV
Opinion delivered December 5, 2001

*William R. Simpson, Jr.*, Public Defender; by: *Stephanie L. Mays*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this probate case was charged with aggravated assault and acquitted by reason of mental disease or defect. He was consequently admitted to the State Hospital, but subsequently obtained a conditional release. One of the conditions of his release was that he not leave the State of Arkansas without permission from the court. A motion for revocation of his conditional release was thereafter filed, alleging that appellant had been arrested in Oklahoma. At a hearing on the petition to revoke, appellant admitted that he had gone to Oklahoma without permission but asserted that this was an involuntary act caused by his physician's failure to prescribe an adequate dose of medicine for his bipolar disorder. The probate court

revoked appellant's conditional release, and this appeal followed. For reversal, appellant contends that the probate judge erred in revoking his conditional release because appellant proved that he was improperly medicated, so that his actions should be regarded as involuntary. We do not agree.

We review probate proceedings *de novo*, but the decision of the probate judge will not be disturbed unless clearly erroneous. *Buchte v. State*, 337 Ark. 591, 990 S.W.2d 539 (1999). In making our review, we give due regard to the superior position and opportunity of the probate judge to determine the credibility of the witness. *Id.*

The governing statute provides that:

> If, within five (5) years after the order pursuant to § 5-2-314 or § 5-2-315 granting conditional release, the court shall determine, after notice to the conditionally released person and a hearing, that such person has violated the conditions of release or that for the safety of such person or for the safety of the person or property of others his conditional release should be revoked, the court may modify the conditions of release or order the person to be committed to the custody of the Director of the State Hospital or other appropriate facility subject to discharge or release only in accordance with the procedure prescribed in § 5-2-315.

Ark. Code Ann. § 5-2-316(b) (Repl. 1997).

In the present case, it is undisputed that appellant went to Oklahoma within one year of his conditional release, well within the five-year time period for revocation. As to appellant's assertion that he went to Oklahoma involuntarily due to inadequate medication, his testimony was uncorroborated and the probate judge was not required to believe it. *See Rankin v. State*, 338 Ark. 723, 1 S.W.3d 14 (1999).

Affirmed.

NEAL and VAUGHT, JJ., agree.