Cathy GEORGE *v.* STATE of Arkansas

CA 02-258                                     92 S.W.3d 692

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered December 18, 2002

*Russell J. Byrne,* Office of Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *Lauren Elizabeth Heil,* Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. The appellant in this probate case was charged with theft by deception and acquitted by reason of mental disease or defect. She was consequently admitted to the State Hospital. Pursuant to Ark. Code Ann. § 5-2-314 (Repl. 1997), the State Hospital filed a report with the court recommending that appellant be released without conditions. The court disagreed with this recommendation and ordered that appellant be released with conditions. This appeal followed.

For reversal, appellant argues that she proved by a preponderance of the evidence that she should be released outright. She contends that "[a]bsolutely no evidence was introduced that suggests that [she] could not be outright released." We agree, and therefore, reverse and remand for entry of an order of unconditional release.

■ ■ We review probate proceedings *de novo*, and the decision of the court will not be disturbed unless clearly erroneous. *See Buchte v. State,* 337 Ark. 591, 990 S.W.2d 539 (1999). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Kemp v. State,* 348 Ark. 750, 74 S.W.3d 224 (2002). In making our review, we give due regard to the superior position and opportunity of the circuit court, sitting in probate, to determine the credibility of the witness. *Manning v. State,* 76 Ark. App. 91, 61 S.W.3d 910 (2001).

Arkansas Code Annotated section 5-2-314(e) (Repl. 1997) provides:

> (e) A person found not guilty, on the ground of mental disease or defect, of an offense involving bodily injury to another person, or serious damage to the property of another, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious

damage to property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of proof by a preponderance of the evidence.

The judgment of acquittal in this case provided that the offense at issue did not create a substantial risk of bodily injury to another person or serious damage to the property of another. Thus, appellant had the burden of proving by a preponderance of the evidence that her release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. Arkansas Code Annotated section 5-2-315(a)(2)(C) (Repl. 1997) provides further that:

> (C) If, after the hearing, the court finds by the standard specified in § 5-2-314(e) that the person has recovered from his mental disease or defect to such an extent that:
>
> (i) His release would *no longer* create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
>
> (ii) His conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, then the court shall order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate, and as explicit conditions of release. . . .

(Emphasis added.)

Following the testimony of Forensic Medical Director, Dr. O. Wendell Hall, that in his opinion, appellant, who suffers from bipolar disorder, could be released outright, the following colloquy took place:

COURT: Well, here's the story. I would be willing to grant the conditional release but you do not have any conditions attached here. And I'm

not going to release her outright. She has a diagnosed mental illness. She committed a crime. She is homeless except apparently they have made arrangements for her to live at St. Francis House. She needs to be continuing to see the physicians at the Veterans Administration Hospital as well as the Mental Hygiene Clinic. So you may be conditionally released, but you don't have the conditions done.

DEFENSE COUNSEL: Your Honor, for the record, I'm asking that it be dismissed because that's —

COURT: I think I said already — if I didn't — I already said that I'm not — I'm going to deny the outright release. It's not going to happen . . .

We conclude that the decision of the trial court was clearly erroneous, as the record before us does not provide a basis for a conditional release. The Garland County Circuit Court, having acquitted appellant of the theft-by-deception charge for hot checks because of mental disease or defect and having before it the amount of the checks and the circumstances of the conduct, found that the crime did not create a substantial risk of bodily injury to another person or serious damage to the property of another. The judgment of the Garland County Circuit Court was before the Pulaski County Circuit Court, and there is nothing in this record that justifies setting aside that finding. Additionally, Arkansas Code Annotated section 5-2-315(a)(2)(C) (Repl. 1997) provides that a person whose release would *no longer* create a substantial risk of bodily injury to another person or serious damage to property of another should be immediately discharged. Given the fact that the Garland County Circuit Court found that appellant's crime did not create a substantial risk of bodily injury to another person or serious damage to the property of another, it is inconceivable that the Pulaski County Circuit Court could then find that appellant could not be unconditionally released when the crime from which she was acquitted did not involve a substantial risk of bodily injury to another person or serious damage to the property of another. Furthermore, there was no evidence before

the trial court that appellant would present such a danger in the future. Therefore, we reverse and remand for entry of an order for appellant's unconditional release.

ROBBINS, VAUGHT, and ROAF, JJ., agree.

PITTMAN and BIRD, JJ., concur in part, dissent in part.

SAM BIRD, Judge, concurring in part; dissenting in part. I agree with the majority's conclusion that the trial court's decision cannot be affirmed, but I disagree with its interpretation of the relevant statutes and its final disposition. Therefore, I respectfully dissent from the majority's direction to the trial court to enter an order for appellant's unconditional release.

In a judgment issued by Garland County Circuit Court dated January 3, 2002, Cathy George was acquitted of theft by deception by reason of mental disease or defect. The judgment recited that the offense appellant committed did not involve bodily injury or serious damage to the property of another, or the threat of either, but that she remained affected by her mental disease or defect. As a consequence, appellant was committed to the custody of the Department of Human Services for further psychological examination.

On January 22, 2002, appellant was admitted to the Arkansas State Hospital for evaluation. In a report dated February 7, 2002, Dr. O. Wendell Hall III recommended that she be released without conditions. A hearing was held on the doctor's recommendation on February 13.

At the hearing, it was disclosed that appellant suffered from bipolar disorder. There was also some indication of a past diagnosis of schizophrenia. Appellant had been homeless at the time of the arrest but, as a veteran, arrangements had been made through the V.A. Medical Center's Homeless Program for her to stay at St. Francis House in Pulaski County, where she had lived since the previous July while the criminal charges were pending. At the time of this hearing, an apartment had been obtained for her. Dr. Hall stated that appellant had not been on medication at the time she committed the offense, but that she had been compliant with her medication since her arrest. He said that she was currently

stable and that she would not pose a risk of danger to other persons or the property of others. Upon inquiry by the court, Dr. Hall said that he could not "guarantee" that she would not commit another crime upon her release.

The trial court rejected the recommendation for appellant to be released outright and instead granted a conditional release. The stated basis for the trial court's decision was that the doctor could not "say · with any degree of certainty there won't be another crime committed."

First, I do not agree with the majority's conclusion that the trial court's decision is clearly erroneous because it is at odds with or "sets aside" the Garland County Circuit Court's finding that the offense did not create a substantial risk of bodily injury or serious damage to the property of another. This conclusion displays a fundamental misunderstanding of our statutory framework. The statute does not provide that an acquittee must be released unconditionally by the probate court simply on the strength of the circuit court's finding that the offense did not involve bodily injury or serious damage to the property of another, or that it did not involve a substantial risk of such injury or damage.

Pursuant to Arkansas Code Annotated section 5-2-314(a)(1) through (4) (Repl. 1997), the circuit court handling the criminal charge is required to make, in essence, two findings when entering a judgment of acquittal because of mental disease or defect. First, the court must decide whether or not the offense involved "bodily injury to another person or serious damage to the property of another or involved a substantial risk of such injury or damage." Second, the court must determine whether or not the defendant remains affected by mental disease or defect. Under this statutory scheme, if the circuit court finds that the defendant is no longer affected by mental disease or defect, regardless of the nature of the crime, the court must immediately discharge the defendant. Ark. Code Ann. § 5-2-314(c). Conversely, if the court finds that the defendant remains affected by mental disease or defect, regardless of the nature of the crime, the court is required to commit the defendant to the custody of the Department of Human Services. Ark. Code Ann. § 5-2-314(b). Thus, under this scheme, the

commitment decision hinges upon whether or not the defendant remains affected by mental disease or defect at the time the judgment is entered. The decision is not based on the character of the offense that the defendant was accused of committing.

Under Arkansas Code Annotated section 5-2-315(a)(1) (Repl. 1997), the department or its designee may petition the probate court for the acquittee's release or conditional release if it is determined that the acquittee has recovered from her mental disease or defect to such an extent that she no longer creates a substantial risk of bodily injury to another person or serious damage to the property of another. The decision to release or conditionally release is ultimately left up to the probate court. Pursuant to section 5-2-315(a)(2)(C), if the probate court finds that the acquittee has recovered from her mental disease or defect to such an extent that:

> (i) His release would *no longer* create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; *or*

> (ii) His conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would *no longer* create a substantial risk of bodily injury to another person or serious damage to the property of another, then the court shall order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he has been committed, and that has been found by the court to be appropriate.

(Emphasis added.)

Under this statute, the probate court is to assess the acquittee's present mental condition in determining whether she has recovered from her mental disease or defect to such an extent that her release or conditional release would no longer create a substantial risk of bodily injury or serious damage to the property of another. On the other hand, under Arkansas Code Annotated section 5-2-314, the circuit court is to gauge the nature of the offense by deciding whether or not it involved bodily injury or

serious property damage, or a substantial risk thereof. While the language of these two statutes may mirror one another in certain respects, the concepts they involve are not the same: the assessment of the aquittee's present mental condition, as opposed to an assessment of the nature of the offense.

Based on our statutory framework, the appellant was committed based on the criminal court's determination that she remained affected by mental disease or defect without regard to the nature of the offense she was said to have committed. Her release by the probate court is governed by the standard of whether she has recovered from her mental illness to the extent that, if discharged either conditionally or unconditionally, she would no longer pose a substantial risk of bodily injury to others or serious damage to another's property. That decision is not tied to the criminal court's initial determination that her crime did not involve bodily injury or serious damage to property. It cannot be said that she is entitled to be released unconditionally, *ipso facto*, based on the criminal court's assessment of the nature of the offense.

My interpretation of the statute is buttressed by the use of the words "no longer" in subsections (a)(2)(C)(i) and (ii). The use of the phrase "no longer" presupposes that the acquittee was considered to pose a substantial risk of bodily injury to others or serious damage to property at the time the judgment was entered. Because she remained affected by mental disease or defect at that time, she was required to be committed for further evaluation. Use of the words "no longer" militates against a conclusion that the probate judge's decision to release is somehow preordained by the circuit court's initial finding characterizing the offense as one that did not pose a substantial risk of bodily injury or serious damage to property.

Furthermore, the probate judge is given a choice under the statute to release the aquittee either conditionally or unconditionally, depending on the facts of each case. This is evident by subsections (i) and (ii) of (a)(2)(C) being separated by the word "or."

On the merits of this appeal, I agree that the decision must be reversed. The probate court's decision was driven by its view that

an outright discharge was inappropriate because it could not be guaranteed that the appellant would not reoffend. That is not the standard by which a release is to be judged. The standard is whether her release either conditionally or unconditionally would no longer create a substantial risk of bodily injury or serious damage to property. Ark. Code Ann. § 5-2-315. Therefore, I would reverse this case, but I would remand for the court to reconsider its decision in light of the correct standard. *See Warren v. Tuminello*, 49 Ark. App. 126, 898 S.W.2d 60 (1995).

*Pittman*, J., joins in this opinion.