Edward Lee BAILEY *v.* STATE of Arkansas

CA 02-438                                                95 S.W.3d 811

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered December 18, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Russell J. Byrne*, Office of Public Defender, Mental Health, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. On December 20, 2001, appellant was acquitted of commercial burglary, breaking or entering, and criminal attempt to commit theft of property based on a lack of capacity, as a result of mental disease or defect, to conform his conduct to the requirements of the law or appreciate the criminality of his conduct. He was committed to the care and custody of DHS for further treatment and evaluation. On February 8, 2002, Dr. O. Wendell Hall, M.D., Forensic Medical Director of the Arkansas State Hospital, filed an Act 911 report requesting the court to release appellant. After a February 13, 2002, hearing, the trial court conditionally released appellant. Appellant contends that the trial court erred in granting a conditional release, as opposed to an outright release. We affirm.

At the hearing, Dr. Hall testified that he had evaluated appellant pursuant to the judgment of acquittal. He stated that the crimes for which appellant was acquitted resulted from an incident where appellant had entered a car that had been unlocked and was found looking through compact discs and other items in the car. He testified that appellant was "quite psychotic and confused" and had no recollection about why he was there or how he had gotten there. He had not been taking his medicine for a bipolar disorder and was manic. Hall stated that appellant has Bipolar I Disorder and probably always will, and will need to stay on medication. He indicated that appellant was in good remission, was taking his medication, and has been active in his treatment at the Little Rock Community Health Center. Hall testified that appellant is a security guard at Doctors Plaza, where he patrols the parking lots and makes sure people get to their cars safely. Hall's opinion was that appellant did not pose a risk of danger to persons or property and that he should be released outright.

Lillie Williams, appellant's therapist and a social worker at the Little Rock Community Mental Health Center, testified that appellant had been compliant with treatment for six months before he quit taking his medicine. She stated that appellant got confused and thought he could take some herbs and that he did not need his medication. She explained that she talked to appellant about this but he was convinced that he wanted to take the herbs, and she had no way of preventing him. Williams testified that appellant was compliant with the requirement that he meet with his doctors and social workers. Appellant also testified that a naturopath doctor from North Carolina, Doctor Africa, told him that it was okay for him to get off his medication and use natural remedies.[1] He added that he had been working at his current job for Little Rock Medical Associates since March 1999. At the conclusion of the hearing, the trial court ruled that appellant be conditionally released. The order was entered February 13, 2002, and appellant filed a timely notice of appeal.

We review probate proceedings de novo, and we will not reverse the decision of the probate court unless it is clearly erroneous. *Arkansas Dep't of Human Servs. v. Cox*, 349 Ark. 205, 82 S.W.3d 806 (2002). Arkansas Code Annotated § 5-2-314(e) (Repl. 1997) provides:

> (e) A person found not guilty, on the ground of mental disease or defect, of an offense involving bodily injury to another person, or serious damage to the property of another, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of proof by a preponderance of the evidence.

The judgment of acquittal in this case provided that the offense at issue involved bodily injury to another person or serious damage to the property of another or involved a substantial risk of such injury or damage. Thus, appellant had the burden of proving

---

[1] Although not reflected in the abstract, the record suggests that appellant's only contact with Dr. Africa was through a lecture delivered by Dr. Africa in 1993.

by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. Arkansas Code Annotated § 5-2-315(a)(2)(C) (Repl. 1997) provides further that:

> (C) If, after the hearing, the court finds by the standard specified in § 5-2-314(e) that the person has recovered from his mental disease or defect to such an extent that:
>
> (i) His release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
>
> (ii) His conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, then the court shall order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate, and as explicit conditions of release . . .

Appellant argues that he proved by clear and convincing evidence that he should be released outright. He contends that "[n]othing remotely suggests that he needs 'conditions' for his release." However, appellant suffers from bipolar disorder for which he must take medicine to control. Appellant ceased taking his medicine based on the advice of Dr. Africa, an alleged licensed naturopath doctor in North Carolina, who told him about using natural remedies. The crime for which appellant was acquitted occurred when he ceased taking his medication based on the advice of Dr. Africa.

The dissent suggests that the case should be reversed because the trial court prematurely decided the issue of whether appellant should be conditionally released or released outright before hearing all of the evidence. This issue was not raised below nor argued by appellant and thus, cannot be considered on appeal. However, even if preserved, the evidence does not support reversal.

During the Court's questioning of Dr. Hall, the judge stated, "I'm not talking about releasing him outright. Is that what you are recommending?" When Dr. Hall responded affirmatively, the judge stated that she was not going to do that. The court continued to hear the testimony of Dr. Hall, heard the testimony of two State witnesses, and then called appellant to testify. Appellant's testimony was that, based on a lecture he attended in 1993 where Dr. Africa spoke of "interesting ideas about health," he stopped taking his medication in 2000 in favor of natural remedies. The testimony of the social worker, Ms. Williams, confirmed that she was aware that appellant was thinking about going off his medication, advised him that it was not a good idea, but that she had no authority to prevent appellant's choice.

■ At the conclusion of the court's questioning of appellant, the court found that appellant needed to be conditionally released. Explaining the ruling, the court recognized that Dr. Hall testified that appellant did not pose a risk of harm to himself or others, but expressed concern about the possibility that appellant may again return to a natural remedy. The evidence supported this concern; therefore, we cannot say that the trial court's decision is clearly erroneous.

Affirmed.

PITTMAN, BIRD, and NEAL, JJ., agree.

ROBBINS and ROAF, JJ., dissent.

A NDREE LAYTON ROAF, Judge, dissenting. I do not agree that this case should be affirmed. As in *George v. State*, 80 Ark. App. 185, 92 S.W.3d 692 (2002), a companion case that we are also handing down today, the trial court in this case found, contrary to the opinion given by the State's witness, Dr. O. Wendell Hall, III, Forensic Medical Director for the Department of Human Services, that Edward Lee Bailey was not entitled to an unconditional release from commitment pursuant to Ark. Code Ann. § 5-2-315 (Repl. 1997). Unlike in *George*, Bailey had the burden of proving by clear and convincing evidence that "his release would not create a substantial risk of bodily injury to another person or serious damage to property of another person

due to a present mental disease or defect," pursuant to Ark. Code Ann. § 5-2-314(e) (Repl. 1997). This is because his judgment of acquittal because of mental disease or defect recited that his offense involved "bodily injury to another person or serious damage to the property of another or involved a substantial risk of such injury or damage," as provided in Ark. Code Ann. § 5-2-314(a)(1) (Repl. 1997).

However, there is simply nothing in the record before us that supports a finding that Bailey would pose such a threat. The record consists of testimony about the details of his offense to the effect that he had been found looking through items in a car that had been left unlocked; Dr. Hall's firmly stated opinion that he should be released unconditionally; a favorable letter from his employer, Doctors Plaza, confirming that he had worked for them part-time for over a year as a security guard patrolling parking lots and escorting employees and patients safely to their cars in the evenings; and the testimony of two additional State witnesses and Bailey.

During Dr. Hall's direct testimony, and prior to his cross-examination that elicited additional testimony favorable to Bailey, the trial court interjected, "Oh, no. Yeah. I'm not talking about releasing him outright. Is that what you are recommending?" When Dr. Hall answered in the affirmative, the trial court said flatly, "I'm not going to do that." This colloquy transpired before the testimony of the two additional State witnesses, neither of whom testified adversely to Bailey, and prior to Bailey's testimony on his own behalf. Indeed, Dr. Hall testified that Bailey had been diligent about taking his medication, was now convinced that he needed it, and could be safely released, and that he was not aware of any trouble Bailey had since his release from Baptist Hospital after he was admitted nearly a year prior to the hearing in this case. Upon questioning by the trial court, Dr. Hall did state that "I'm not trying to predict that if he had another psychotic episode that he wouldn't pose a problem," a statement that in no way qualifies or lessens his testimony that, in his opinion, Bailey should be unconditionally released. In short, it is clear that the trial court determined that Bailey would not be unconditionally released

based on the court's own predilections and not on the evidence presented, and its decision is thus clearly erroneous.

ROBBINS, J., joins.