The Honorable Steve Oliver Prosecuting Attorney Eighteenth Judicial District East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Oliver:
I am writing in response to your request for an opinion on the following:
 Pursuant to Title 20, the Office of Prosecuting Attorney is responsible for representing the Petitioner in an involuntary mental commitment proceeding. In Garland County, we have two receiving facilities to conduct the initial evaluation of the patient. These facilities are St. Joseph's Mercy Health Center and National Park Medical Center. However, neither facility has inpatient psychiatric facilities.
 The procedure that the hospitals have been following is that if law enforcement detains the patient and presents the patient to the facility pursuant to a court Order for Evaluation, the evaluation is conducted and if the patient meets initial criteria the patient is transported to an inpatient facility in another jurisdiction. The procedure set forth is acceptable; however, the receiving facility physician is refusing to appear at the initial hearing.
 The question is whether or not at the initial probable cause hearing an affidavit from the physician would be acceptable or if, as a matter of law, the physician must attend the initial probable cause hearing? The probable cause hearing I refer to is set forth at A.C.A. § 20-47-210. The statute is somewhat unclear as to whether or not the physician is required to appear at this hearing.
RESPONSE
In my opinion, because an emergency involuntary civil detainee has a statutory right to cross examine witnesses against him under A.C.A. §20-47-211(4) (Repl. 2001), an affidavit rather than in person testimony from the physician may be insufficient at the initial probable cause hearing mandated by A.C.A. § 20-47-210 (Repl. 2001).
As stated in Chatman v. State, 336 Ark. 323, 985 S.W.2d 718 (1999):
 The statutory scheme for evaluating and treating a person who is dangerous to himself or others is laid out in the Code under the title "Commitment and Treatment of the Mentally Ill." See Ark. Code Ann. §§ 20-47-201 through 20-47-222 (Repl. 1991, Supp. 1997). The first step in the procedure for involuntary admissions is for an individual who has reason to believe another person constitutes a danger to himself or others to file a petition in the probate court in the county where that person resides. Ark. Code Ann. §§ 20-47-207, 20-47-210 (Repl. 1991). After the petition is filed, a hearing must be held within three days of that event before the probate judge of that county to determine whether there is probable cause to believe the person has a mental illness and is a danger to himself or others. Ark. Code Ann. § 20-47-209 (Repl. 1991). This is the Section Five hearing, and in order for a person to be admitted to a hospital for evaluation, the probate judge must be convinced that such is warranted by clear and convincing evidence. Id. If the probate judge orders the person admitted for evaluation, a second hearing must be held within seven days by a probate judge where the person is being evaluated to decide if detention in a hospital or receiving facility or other program for up to forty-five days for treatment is needed. Ark. Code Ann. §§ 20-407-205(b), 20-47-214 (Repl. 1991, Supp. 1997) . . . If the probate judge determined by clear and convincing evidence that the person is a danger to himself or others, the judge shall order detention for treatment for a maximum of forty-five days. Ark. Code Ann. § 20-47-214
(Repl. 1991).
 There is also a procedure for immediate confinements and evaluation for emergency situations. See Ark. Code Ann. § 20-47-210 (Repl. 1991). Under § 20-47-210, whenever a person is a danger to himself or to others and immediate confinement appears necessary, a law enforcement agency in the jurisdiction shall transport that person to a hospital or receiving facility, if there is no other safe means of transportation available. A petition for involuntary admission with a request for immediate confinement must be filed within seventy-two hours, excluding weekends and holidays. The probate judge for the county then holds an ex parte hearing with the petitioner to determine whether there is reasonable cause for involuntary admission and imminent danger of death or serious bodily harm. If the probate judge finds that immediate confinement under those criteria is necessary, the judge shall order the law enforcement agency to transport the person to a receiving facility. A probable-cause hearing under § 20-47-209(a)(1) (the Section Five hearing) must then be held within seventy-two hours of the person's detention and confinement.
Id. at 327-329 (footnote omitted); see also Buchte v. State,337 Ark. 591, 596, 990 S.W.2d 539 (1999).
You mention the hearing "set forth at A.C.A. § 20-47-210" in your request for an opinion. That statute, addressing immediate confinement, refers to the hearing required under § 20-47-209(a)(1), the so-called "Section Five" probable cause hearing. A.C.A. §§ 20-47-210(a)(1), (b)(3), and (c)(3). Your question is therefore whether an affidavit from the physician at the Garland County receiving facility is sufficient for the purposes of this hearing, or whether the physician must actually attend the hearing.
As noted above, in my opinion, an affidavit may well be insufficient. Upon detention the person being involuntarily confined is required to be served with a copy of the petition for involuntary commitment, a summons to appear for the probable cause hearing under A.C.A. § 20-47-209(a)(1), and a copy of a statement of rights guaranteed under A.C.A. § 20-47-211. Specifically, A.C.A. § 20-47-211 states:
 Along with the copy of the petition and the copy of the order directing appearance for an initial evaluation or an order of detention, the person sought to be involuntarily admitted shall be served with a copy of the following statement of rights:
 (1) That he or she has the right to effective assistance of counsel, including the right to a court-appointed attorney;
 (2) That he or she and his attorney have a right to be present at all significant stages of the proceedings and at all hearings except that no attorney shall be entitled to be present upon examination of the person by the physician or any member of the treatment staff pursuant to an evaluation, whether initially or subsequently;
 (3) That he or she has the right to present evidence in his or her own behalf;
 (4) That he or she has the right to cross-examine witnesses who testify against him or her;
(5) That he or she has the right to remain silent; and
 (6) That he or she has the right to view and copy all petitions, reports, and documents contained in the court file.
A.C.A. § 20-47-211 (Repl. 2001) (emphasis added). Arkansas courts have repeatedly held that a court may accept testimony from a witness who is not present. See, e.g. Southern Farm Bureau Cas. Ins. Co. v. Anderson,220 Ark. 373, 376, 247 S.W.2d 966 (1952); and Carroll v. Ark. Dep't ofHuman Servs., 85 Ark. App. 255, 263, S.W.3d (2004). Evidence presented in an affidavit is accepted as testimony and may be given what weight is appropriate from the court. Id.
The Arkansas Supreme Court has explained that the rights in A.C.A. §20-47-211, however, are due-process protections for the person sought to be involuntarily committed and are applicable at all significant stages of the proceedings including the probable cause hearing under A.C.A. § 209(a)(1) mandated by A.C.A. § 20-47-210. Buchte, 337 Ark. at 597-598. InBuchte, the Court overturned a civil commitment order because the detainee was denied his rights at the probable cause hearing mandated by A.C.A. § 20-47-210. Id. at 598. Specifically, Buchte was denied the right to be present at the probable cause hearing and was denied his right to counsel. Id. The court stated that "Buchte was not afforded his due process protection pursuant to Ark. Code. Ann. § 20-47-211." Id.
The Arkansas Supreme Court has held that the rights set forth in A.C.A §20-47-211 apply to probable cause hearings held pursuant to A.C.A. §20-47-210. Buchte, 337 Ark. at 597-598. The right to cross-examine any witnesses who "testify" against the detainee is one of the rights afforded by A.C.A. § 20-47-211 and would therefore be applicable at the probable cause hearing.
An affidavit alone, of course, would not afford the right to cross-examination. It may be, however, that an affidavit could be offered preliminarily and the physician produced for cross examination later if the detainee wishes to cross examine the physician. For example, in 1978, the federal district court for the eastern district of Arkansas approved the following interim measures as adequate protection of the right to cross-examination:
 Affidavits containing reports of examinations by mental health professionals may be received in evidence, provided that if the respondent demonstrates a substantial purpose in cross-examination of any examiner and such purpose is related to the justification for commitment, the court shall order such examiner's presence or allow for cross-examination by deposition.
Wessel v. Pryor, 461 F. Supp. 1144, 1147 (E.D. Ark. 1978). I also note that the Section Five hearing does not itself require testimony from an admitting physician but only requires testimony from the person petitioning the court for immediate civil commitment. A.C.A. §20-47-209(c)(1). If the petitioner opts to introduce an affidavit of an admitting physician, however, the right of cross examination must be preserved.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh